The opinion of the court was delivered by
Watkins, J.
This is an action for divorce a mensa et thoro, grounded upon abandonment by the husband.
During the progress of the suit plaintiff took a rule on the de - fendant to show cause why alimony of one hundred dollars per month should not be allowed her during the progress of the trial and the pendency of the suit. It is the supplement of suit of same title, reported in 42 An. 1071.
In that case an effort was made by the plaintiff to coerce her husband to return to the matrimonial domicile, or in default of so doing to pay her alimony at the rate of one hundred dollars per month. A judgment to that effect having been rendered in 1884, plaintiff sought to have same revived; but in that effort she was defeated because her demand for alimony was not accompanied by any demand for a separation from bed and board, or divorce — the decree maintaining that independent suit for alimony was an anomoly and not permissible in law.
The present suit was commenced immediately after the judgment in the former had become final, doubtless with the view of supplying the suggested omission therein.
The petition alleges the marriage, subsequent abandonment by the husband without any just cause, leaving plaintiff without any means of support or maintenance, or funds with which to provide herself with the necessaries of life. It charges that his conduct was without justification or excuse, the petitioner having always been faithful to her marriage vows in religion and in law.
It alleges that she has been supported through the assistance of her relatives since the time of this abandonment, more than twenty years ago, the defendant never having communicated with her since.
That he has since returned to Louisiana, where he now permanently resides, and is in the possession of a fortune of about thirty *1137 thousand dollars, through an inheritance from his deceased father, and has revenues ample to allow her alimony pendente lite, in the sum of one hundred dollars per month. Her prayer conforms to her allegations.
The case was, after a very protracted delay, put at issue by an answer, which is practically a general denial, coupled with the special averment, that he is poor and unable to support his wife in the style in which she would like to live, while she is comfortably “ living under the roof of one of her relatives,” and has no need of alimony.
Finally, that he is willing to have plaintiff return to him, if she is willing to return and live with him as becomes his means.
There was a trial and a judgment rendered, of which the plaintiff complains, because it rejects and disallows her demand for alimony, and with which the defendant expresses himself satisfied, because, in his opinion, it disposes of the case in his favor, on the merits.
There was considerable difficulty on the trial between the respective counsel, and a great number of bills of exception in the transcript attest the vigor of the controversy between them. Certain it is, that very much of the evidence which the plaintiff’s counsel sought to intro - duce, and which, upon objection by the defendant’s counsel, was rejected, was wholly inapplicable to a trial of the issue of alimony vel non; and it is equaliy certain that the condition of the record was such that it is unlikely that plaintiff’s counsel would have voluntarily gone to trial on the merits.
In this state of uncertainty, an appeal to the record furnishes us but little help in solving the difficulty.
Prom what we have quoted from the record, it is evident that the plaintiff has a cause of action, and we do not feel that she should be turned away from the portals of justice empty handed, with her suit dismissed and a judgment against her for costs. The purposes of justice would be best subserved by reversing the judgment and ordering a new trial, either upon plaintiff’s demand for alimony pendente lite, or upon the merits of the principal demand for a separation from bed and board, as may be deemed preferable.
It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the cause be reinstated and remanded for a new trial, according to law and the views herein expressed, the cost of appeal to' *1138 be taxed against the defendant and appellee, and those of the lower court to await final judgment therein. '